UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WENDELL LEBLANC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13598**<br>**C/W 20-2697** |
| | **APPLIES TO: 20-2697** |
| **DELTA AIRLINES** | **SECTION: "S" (3)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Delta Airlines, Inc.'s ("Delta's") **Motion for Judgment on the Pleadings under Federal Rule 12(c)** (Rec. Doc. 21) is **DENIED**.

BACKGROUND

On October 3, 2018, plaintiff Catherine Leblanc and her husband, Wendell Leblanc, were allegedly injured as a result of a rough landing at the conclusion of Delta flight 2592 from Los Angeles, California to New Orleans, Louisiana. As a result of the rough landing, the Leblancs allege that Catherine Leblanc suffered severe neck pain and a broken wrist, and her husband was injured when his head and neck struck the bathroom wall behind him.

Plaintiff's husband filed suit on October 3, 2019 in Orleans Parish Civil District Court, and the suit was removed to this court. Catherine Leblanc filed the instant suit in this district on October 2, 2020. It was randomly allotted to another section of this court and transferred to the undersigned as a proceeding related to her husband's pending case. The matters were subsequently consolidated.

In the instant motion, Delta seeks judgment on the pleadings dismissing Catherine LeBlanc's claims as prescribed under Louisiana's one-year prescriptive period for personal injuries, because it was filed on October 2, 2020, approximately two years after the date of injury. LeBlanc opposes the motion, arguing that the contract of carriage for her plane ticket includes a forum selection clause selecting Georgia state law, and Georgia provides a two-year prescriptive period for personal injury claims. The choice of law provision relied upon provides:

GOVERNING LAW; ENTIRE AGREEMENT; LIMITATION OF LIABILITY

**Any and all matters arising out of or relating to this Contract of Carriage and/or the subject matter hereof** shall be governed by and enforced in accordance with the laws of the United States of America and, to the extent not preempted by Federal law, the laws of the State of Georgia **without regard to conflict of law principles**, **regardless of the legal theory upon which such matter is asserted**. This Contract of Carriage, including the Ticket and Fare Rules, represents the entire agreement between the parties relating to transportation by Carrier, and shall supersede all prior representations, understandings or agreements pertaining thereto, either oral or written. No other covenants, warranties, undertakings or understandings may be implied, in law or in equity.

Rec. Doc. 22-1, Rule 24 (emphasis added).

## DISCUSSION

*Legal standard*

A party may move for judgment on the pleadings after an answer has been filed. FED. R. CIV. P. 12(c). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Chauvin v. State Farm & Cas. Co., 495 F.3d 232, 237 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches

Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n.14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). A district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

*Analysis*

At issue in this case is whether the Georgia or Louisiana statute of limitations applies to plaintiff's claims. The choice of law provision in the contract of carriage dictates the application of Georgia's statute of limitations. Delta contends, however, that the clause applies only to conflicts related to the contract of carriage itself (not plaintiff's tort claim), and further, that it governs only substantive law, not procedural law, and prescriptive periods are procedural. Thus, the court is tasked with determining the scope of the choice of law clause, that is, whether it applies to plaintiff's tort claim, and if so, whether it encompasses procedural laws.

In the Fifth Circuit, the scope of a choice of law clause is determined by the law of the forum state. Zodiac 21, Inc. v. Oyo Hotels, Inc., 2020 WL 6479160, at *4 (M.D. La. Nov. 3, 2020) (collecting cases). Thus, the court looks to Louisiana law to determine if the choice of law provision in this case applies to plaintiff's claims. Under Louisiana law, "[t]he words of a contract must be given their generally prevailing meaning." LA. CIV. CODE art. 2047. Further,

"[a] contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party." LA. CIV. CODE art. 2056.

***The terms of the contract of carriage apply to plaintiff's tort claim.***

By its terms, the contract of carriage applies to "[a]ny and all matters arising out of or relating to this Contract of Carriage and/or the subject matter hereof. . . ." Thus, the question is whether plaintiff's personal injury claim in this case arose out of or related to the contract of carriage and/or its subject matter.

Louisiana law distinguishes between choice of law provisions limited to the interpretation of a contract and those that are so broad that they are construed to control all disputes between the contracting parties. Zodiac 21, 2020 WL 6479160, at *4.  Under Louisiana law, "[c]hoice of law provisions that refer narrowly to the contract govern only matters of contract interpretation and enforcement." Wright's Well Control Servs., 2015 WL 7281618, at *11 (collecting cases). For instance, the Louisiana Third Circuit Court of Appeal has held that a clause that provided: " 'This agreement shall be governed by and construed ... in accordance with the law of the state of Louisiana for land work,' " did not apply to the determination of whether an employee was an independent contractor. Zodiac 21, 2020 WL 6479160 at *4 (quoting Foshee v. Torch Operating Co., 763 So. 2d 82, 88–90 (La. App. 3 Cir. 5/17/00), writ denied, 772 So. 2d 658 (La. 10/27/00)). A court in this district determined that a choice-of-law clause that provided: "This agreement is made subject to and shall be construed under the laws of the State of Texas (excluding its conflicts-of-laws principles)," did not control the plaintiff's tort claims. Id. (quoting Wright's Well Control Servs., 2015 WL 7281618, at *10–11.

In contrast, a clause which provided that "[t]he validity, performance, and all other matters arising out of or relating to the interpretation and effect of these Terms and/or the contract shall be governed by and construed in accordance with the internal laws of the U.S. State in which Seller's applicable sales or service facility is located," was found so broad that it covered plaintiff's extra-contractual negligent misrepresentation claim. Axis Oilfield Rentals, 223 F. Supp. 3d 548, 554 (E.D. La. 2016). Further, in Caton v. Leach Corp., 896 F.2d 939, 943 (5th Cir. 1990), the United States Court of Appeals for the Fifth Circuit indicated that a broad choice-of-law clause that chose "a particular state's law to 'govern, construe and enforce all of the rights and duties of the parties arising from or relating in any way to the subject matter of this contract' " would govern the entirety of the contracting parties' relationship. Zodiac 21, 2020 WL 6479160 (quoting Caton, 896 F.2d at 943 n. 3).

In this case, the contract governs "[a]ny and all matters arising out of or relating to this Contract of Carriage and/or the subject matter hereof." This language is similar to that in Axis Oilfield Rentals which the court found encompassed more than interpretation of the parties' agreement. It also bears a similarity to the Caton language, in that it refers to "matters arising from or relating to . . .the subject matter of the contract of carriage." In addition, the contract of carriage specifies that Georgia law applies "regardless of the legal theory upon which such matter is asserted," indicating that it applies to an action sounding in tort as well as a contract claim. Accordingly, the court finds that the choice of law provision, which applies to all matters arising from or relating to the subject matter of the agreement, regardless of the legal theory under which it was asserted, encompasses plaintiff's personal injury claim arising from the

5

execution of the contract of carriage.

The court also notes that the case relied upon by defendants to support a narrower scope for the choice of law clause, Bintu v. Delta Airlines, Inc., 2020 WL 3404925 (N.D. Ga. June 12, 2020) is distinguishable, because it involved a different contract of carriage. Plaintiff Bintu's injuries stemmed from an international flight, and his ticket was purchased pursuant to International Conditions of Carriage, which specifically incorporated the Montreal Convention to govern claims for injuries to passengers. The Bintu court found that because section 18(b) of the conditions of carriage made the Montreal Convention applicable to injury claims, the choice of law provision applied to claims arising from the contract itself. In the present case, there is no alternative, preempting law imported to govern plaintiff's claims, which, as discussed, clearly arise out of and relate to the subject matter of the contract of carriage.

The plain meaning of the terms in the choice of law clause in this case are expansive and inclusive. Further, to the extent ambiguity exists as to their extent, Delta's form contract is construed in plaintiff's favor. Thus, the choice of law clause applies to plaintiff's tort claims.

***Georgia law applies to both substantive and procedural matters.***

Louisiana's conflict of laws rules provide that "[w]hen the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies." La. Civ.Code Ann. art. 3549(B). Thus, defendant is correct that Louisiana conflict of law principles instruct that contractual choice of law provisions apply to substantive, but not procedural issues, and prescriptive periods are considered procedural in nature. However, in this case, the parties explicitly contracted out of the application of those


conflict of law principles. The agreement recites that any claims "shall be governed by and enforced in accordance with . . . .the laws of the State of Georgia **without regard to conflict of law principles**. . . ." (emphasis added.) This language evinces an unequivocal intention to apply Georgia law to all aspects of litigation of the agreement, not just substantive issues.

This precise question was analyzed in OrbusNeich Med. Co., BVI v. Bos. Sci. Corp., 694 F. Supp. 2d 106 (D. Mass. 2010), when the court was confronted with an agreement containing a choice of law provision that expressly provided that Massachusetts law would govern any disputes arising thereunder "without regard for the conflicts of law provisions." Id. at 110. As in this case, at issue in OrbusNeich was whether the choice of law provision applied only to substantive matters, or whether it also applied to the statute of limitations, a procedural matter. While not binding on this court, OrbusNeich relies on state law principles consistent with Louisiana's, and provides a compelling analysis concluding that the choice-of law provision governed that statute of limitations. It reasoned:

> This court ... is not at liberty to disregard the parties' addition of the phrase "without regard to the conflicts of law provisions" as [the defendant] has done. It is a canon in the interpretation of contracts that every word and phrase must be presumed to have been employed with a purpose, and must be given a meaning and effect whenever reasonably possible. And this court finds that the phrase "without regard for the conflicts of laws provisions" unambiguously expresses the parties' intention to exclude consideration of all conflicts of law provisions in determining which law to apply to various aspects of a dispute arising under the [Agreement].
>
> To begin with, the plain language of the phrase "without regard for the conflicts of law provisions," does not confine itself to only those conflicts of law provisions pertaining to the choice of substantive law. If the parties had intended to so confine the phrase, they easily could have done so. Instead, they chose language which, on its face, sweepingly excludes, in the plural, consideration of

7

all conflicts of law provisions in deciding any issue as to governing law. This, in and of itself, indicates to this court that the parties have selected Massachusetts law to govern all aspects of their dispute, without regard to their substantive or procedural nature. Any other conclusion contradicts the plain language of the choice of law provision.

Moreover, the contrary conclusion—that "without regard to the conflicts of law provisions" only excludes consideration of the choice of law rules pertaining to substantive law—would render the phrase a meaningless redundancy. Had the choice of law provision merely said "this agreement is governed by the laws of Massachusetts," it clearly would have conveyed to this court that the parties intended for Massachusetts substantive law to apply to disputes arising under the contract. The parties needed go no further to express such an intention.
But, importantly, the language of the [Agreement] did go further. And this court must give meaning and effect to that additional language. It can fathom no other way to do so, but to interpret it as a statement of the parties [sic] intention that this court disregard all conflicts of law provisions that might otherwise apply, in favor of straightforwardly applying Massachusetts law to all issues arising out of the contractual dispute, whether procedural or substantive.

Id. at 114 (internal quotation marks and footnotes omitted). The court finds that this reasoning applies with equal force in the instant case. Accordingly, it finds that Georgia law applies to both substantive and procedural matters in this case, including the statute of limitations, and plaintiff's suit brought within the two-year Georgia limitations period is timely. Accordingly,

**IT IS HEREBY ORDERED** that Delta Airlines, Inc.'s **Motion for Judgment on the Pleadings under Federal Rule 12(c)** (Rec. Doc. 21) is **DENIED**.

New Orleans, Louisiana, this  16th  day of April, 2021.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**