UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WENDELL LEBLANC**                               **CIVIL ACTION**

**VERSUS**                                        **NO:  19-13598**
                                                  **C/W 20-2697**

                                                  **APPLIES TO: 20-2697**

**DELTA AIRLINES**                                **SECTION: "S" (3)**


ORDER AND REASONS

**IT IS HEREBY ORDERED** that Delta Airlines, Inc.'s ("Delta's") **Motion for**

**Summary Judgment** (Rec. Doc. 32) is **GRANTED**, and Catherine Leblanc's claims against

Delta are **DISMISSED** with prejudice.

BACKGROUND

On October 3, 2018, plaintiff Catherine Leblanc and her husband, Wendell Leblanc, were

allegedly injured as a result of a rough landing at the conclusion of Delta flight 2592 from Los

Angeles, California to New Orleans, Louisiana. As a result of the rough landing, the Leblancs

allege that Catherine Leblanc suffered severe neck pain and a broken wrist, and her husband was

injured when his head and neck struck the bathroom wall behind him.

Catherine Leblanc ("plaintiff") filed the instant suit in this district on October 2, 2020.[1]

---

[1]Plaintiff's husband had previously filed suit on October 3, 2019 in Orleans Parish Civil
District Court, and the suit was removed to this court. When Catherine Leblanc subsequently
filed suit in federal court, her suit was randomly allotted to another section of this court and
transferred to the undersigned as a proceeding related to her husband's pending case, and the
matters were consolidated. Wendell Leblanc has since settled his claim with Delta.

On November 12, 2020, plaintiff's counsel mailed a letter to Delta's registered agent for service of process in Georgia requesting that Delta waive service pursuant to Federal Rule of Civil Procedure 4(d)(1). Delta's registered agent in Georgia received the letter on November 16, 2020, but did not agree to waive service of process.

On January 26, 2021, Delta moved to dismiss this matter for insufficient service of process. Thereafter, on February 4, 2021, plaintiff perfected service on Delta by personally serving Delta's registered agent in Louisiana. The court denied Delta's motion to dismiss for insufficient service of process. Rec. Doc. 21. The court recognized that plaintiff had not established good cause for the failure to timely serve Delta, but exercised its discretion under Federal Rule 4(m) to extend the 90-day deadline for perfecting service, because it found there was no clear showing of prejudice to Delta.

Delta subsequently moved for judgment on the pleadings, based on its argument that plaintiff's suit, filed almost two years after the cause of action accrued, was prescribed under Louisiana law. The court denied that motion based on the choice of law clause contained in the Contract of Carriage governing plaintiff's claim, which mandated application of Georgia law to both substantive and procedural matters. Under Georgia law, the applicable statute of limitations for plaintiff's cause of action is two years. The court thus found it was timely filed.

In the instant motion, Delta seeks summary judgment, arguing again that the suit is untimely, because the applicable Georgia statute of limitations requires both filing of the complaint and service of process within two years, and plaintiff did not perfect service until approximately four months beyond that deadline. Plaintiff does not contest that under Georgia

law timely service was required to commence suit, but argues that she acted reasonably under the circumstances because she attempted to secure a waiver of service. Alternatively, plaintiff argues that Delta waived this argument by not raising it in its prior motions.

## DISCUSSION

### *Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

*Analysis*

The applicable limitations period for personal injury suits under Georgia law is two years from the accrual of the cause of action. GA. CODE ANN. § 9-3-33. However, "the mere filing of a complaint does not commence suit unless timely service is perfected as required by law." Tate v. Coastal Utilities, Inc. 247 Ga. App. 738, 739, 545 S.E.2d 124, 126 (2001) (citation omitted). "Georgia law will only consider a suit timely commenced where the complaint is timely filed but process is served after the expiration of the applicable statute of limitations if (1) process is served within five days of filing; or (2) plaintiff makes diligent attempts to serve process." Owens v. de Leon, 2019 WL 8277268, at *2 (N.D. Ga. Dec. 13, 2019) (citing Cambridge Mut. Fire Ins., Co. v. City of Claxton, Ga., 720 F.2d 1230, 1233 (11th Cir. 1983)). In either of those situations, the late-perfected service is deemed to "relate back" to the filing date. Botts v. Proflow, Inc., 2010 WL 11508352, at *1 (N.D. Ga. Feb. 23, 2010) (citing Cambridge, 720 F2d. at 1233).

In the present case, the cause of action accrued on October 3, 2018, and the statute of limitations expired two years later on October 3, 2020. Plaintiff's suit was filed on October 2, 2020, within the limitations period, but service was not perfected until February 4, 2021, 125 days beyond the limitations period. Accordingly, the suit is untimely. Further, there is no basis to deem the late service as relating back to the date of filing in this case, because, as the court has previously determined, plaintiff has not shown good cause or diligence in pursing effective service. Plaintiff's contention that sending a waiver of service request on November 12, 2020, which was not granted does not amount to diligence in attempting to perfect service. In addition

4

to the fact that some action should have been taken once it was clear the waiver was not forthcoming, the waiver request itself was not sent until 40 days after filing suit, well beyond the 5-day period. Plaintiff has pointed to no facts that would justify the initial 40-day delay.

The court also finds that Delta has not waived its argument that the suit is untimely because it did not meet the limitations requirements under Georgia law. At the time of the filing of its previous pleadings and motions, Delta was proceeding reasonably under the assumption that Louisiana law would apply to this matter, and the court had not determined that Georgia law applied. Thus, there was no basis for Delta to make any argument premised on Georgia law, and it cannot be deemed to have waived any such arguments.

The undisputed facts of this matter establish that although suit was filed within the applicable state of limitations, plaintiff did not serve Delta timely. Accordingly,

**IT IS HEREBY ORDERED** that Delta Airlines, Inc.'s ("Delta's") **Motion for Summary Judgment** (Rec. Doc. 32) is **GRANTED**, and plaintiff's claims against Delta are **DISMISSED** with prejudice.


New Orleans, Louisiana, this   13th  day of October, 2021.



**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**